Name: Fernando Gastelum
Address: 209 W. 9th Street, Casa Grande, AZ 85122
Telephone Number: Number: 520-560-0927
Email: fernandog8899@gmail.com
*Pro se*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GASTELUM,<br><br>Plaintiff,<br><br>vs.<br><br>HIE RIVER PARK LLC dba HOLIDAY INN EXPRESS FRESNO RIVERPARK.<br><br>Defendant. | Case No.: 1:23-cv-472 SKO<br><br>**Verified Complaint**<br>1. Americans with Disabilities Act<br>2. California's and Unruh Civil Rights Act<br>3. California's Disabled Person's Act |

Plaintiff Fernando Gastelum complains and alleges as follows:

### PARTIES

1. Plaintiff is a senior citizen with physical disabilities. Plaintiff is missing a leg. Plaintiff uses a wheelchair for mobility and has a specially equipped sport utility vehicle.

2. Since 2015, Plaintiff has been using a wheelchair for mobility in locations that are designed for wheelchair use.

3. Plaintiff travels from Casa Grande to Bakersfield, Fresno, Sacramento and sometime on to Northern California three to four times per year.

4. Because of the distance between his home in Casa Grande and Bakersfield, Fresno, Sacramento, he lodges at the hotels there.

5. Plaintiff lodged at Hie River Park LLC dba Holiday Inn Express Fresno Riverpark located at 7115 N. Howard Street, Fresno, CA 93720 on August 9, 2022. ("Holiday Inn Express Riverpark")

6. The Hotel is a place of place of public accommodation.

1

## JURIDICTION AND VENUE

7. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

9. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

## FACTUAL ALLEGATIONS

10. Plaintiff lodged at Holiday Inn Express Riverpark on August 9, 2022.

11. On the date of the plaintiff's visit, Plaintiff discovered that the Hotel was not compliant with the disability access laws in the following non-exclusive details:

   a. The hotel had a passenger loading zone, but the passenger loading zone did not provide a marked access isle so as to discourage parking in it. This condition makes it more difficult for Plaintiff to use the passenger loading zone. This condition violates accessibility standards at 503.3.3.

   b. There was no accessible route – ramp – to the waiting bench in the passenger loading zone.

   c. The operable part of the room door required more than 5 lbs to operate. This condition makes it more difficult for Plaintiff to open the door. These conditions violate accessibility standards at 309.

   d. The operable part of the guest room door requires the twisting of the wrist. This condition makes it more difficult for Plaintiff to open the door. This condition violates accessibility standards at 309.4

   e. The shower spray unit did not have an on/off control with a non-positive shut-off. This violates Standards at 607.6.

12. These barriers relate to and impact Plaintiff's disability. Plaintiff personally encountered these barriers.

13. As a wheelchair user, Plaintiff benefits from and is entitled to use wheelchair accessible facilities. By failing to provide accessible facilities, Defendant denied Plaintiff full and equal access.

14. The failure to provide accessible facilities created difficulty and discomfort for the Plaintiff.

15. Defendant has failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

16. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers that are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

17. Plaintiff is often in the area where the Hotels are located.

18. Plaintiff will return to the Hotels to avail himself of its goods and services and to determine compliance with the disability access laws once it is represented to him that the Hotel is accessible. Plaintiff is currently deterred from doing so because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site. If the barriers are not removed, the plaintiff will face unlawful and discriminatory barriers again.

### FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
(42 U.S.C. section 12101, et seq.)

19. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

20. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:
   a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).
   b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADA Standards.
   c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the Hotel are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).
21. When a public accommodation provides accessible facilities for persons, it must do so for all persons, both fully abled and disabled.
22. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).
23. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

**SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT**
(Cal. Civ. Code § 51-53.)

24. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

25. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

26. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

27. Defendant's acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

28. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendant is also responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

### THIRD CAUSE OF ACTION - DISABLED PERSONS ACT
### (Cal. Civ. Code §§54-54.3)

29. Plaintiff incorporates all allegations contained elsewhere in this verified complaint.

30. Defendant violated the DPA by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above.

31. The DPA provides for monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

32. Plaintiff has been aggrieved by each of Defendant's non-compliance with the DPA.

33. Pursuant to the DPA, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven at trial, but in no event less than $1,000.00. Cal. Civ. Code § 54.3.

34. Pursuant to the DPA, Plaintiff is entitled to costs in an amount to be proven at trial. Cal. Civ. Code § 54.3.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff prays that this Court award damages and provide relief as follows:

a. For injunctive relief, compelling Defendant to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act.

b. For injunctive relief requiring Defendant to adopt written and enforceable "reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities." assure compliance with 42 U.S.C. §12182(b)(2)(A)(ii) / 28 C.F.R. §36.302.

c. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each offense.

d. In the event Plaintiff is required to hire counsel, for reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205.

## REQUEST FOR JURY TRIAL

Plaintiff requests a trial by a jury.

DATED this 24th day of March, 2023

_____
Fernando Gastelum