# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GASTELUM,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HIE RIVER PARK LLC, dba Holiday Inn Express Fresno Riverpark,<br><br>　　　　　Defendant. | Case No.  1:23-cv-00472-SKO<br><br>**ORDER TO SHOW CAUSE RE SUPPLEMENTAL JURISDICTION**<br><br>**14 DAY DEADLINE** |

On March 28, 2023, Plaintiff Fernando Gastelum ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed a complaint against Defendant Hie River Park LLC, doing business as Holiday Inn Express Fresno Riverpark ("Defendant"). (Docs. 1, 4.) The complaint alleges claims under the American with Disabilities Act ("ADA"), California's Unruh Civil Rights Act ("Unruh Act"), and California's Disabled Persons Act ("Disabled Persons Act"). (Doc. 1.) These claims stem from alleged barriers Plaintiff encountered (such as a lack of access to a passenger loading zone) while lodging at Holiday Inn Express Riverpark. (*Id*.) Plaintiff seeks both injunctive relief and monetary damages. (*Id*.) Defendant has not appeared in this action, and there is no indication that Defendant has been served with the summons and complaint.

Based upon the recent Ninth Circuit opinion in *Vo v. Choi*, the Court will order Plaintiff to show cause why the Court should not decline to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c); *Vo v. Choi*, 49 F.4th 1167 (9th Cir. 2022) (holding the district court properly declined to exercise supplemental jurisdiction in a joint Unruh Act and ADA case).

In the Unruh Act, a state law cause of action expands the remedies available in a private action. California, in response to the resulting substantial volume of claims asserted under the Unruh Act and the concern that high-frequency litigants may be using the statute to obtain monetary relief for themselves without accompanying adjustments to locations to assure accessibility to others, enacted filing restrictions designed to address that concern. *Arroyo v. Rosas*, 19 F.4th 1202, 1211–12 (9th Cir. 2021). These heightened pleading requirements apply to actions alleging a "[c]onstruction-related accessibility claim," which California law defines as "any civil claim in a civil action with respect to a place of public accommodation, including but not limited to, a claim brought under Section 51, 54, 54.1, or 55, based wholly or in part on an alleged violation of any construction-related accessibility standard." Cal. Civ. Code § 55.52(a)(1).

California imposes additional limitations on "high-frequency litigants," defined as:

> A plaintiff who has filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation.

Cal. Civ. Proc. Code § 425.55(b)(1). "High-frequency litigants" are subject to a special filing fee and further heightened pleading requirements. *See* Cal. Gov. Code § 70616.5; Cal. Civ. Proc. Code § 425.50(a)(4)(A). By enacting restrictions on the filing of construction-related accessibility claims, California has expressed a desire to limit the financial burdens California's businesses may face for claims for statutory damages under the Unruh Act and the Disabled Persons Act. *See Arroyo*, 19 F.4th at 1206-07, 1212. The Ninth Circuit has also expressed "concerns about comity and fairness" by permitting plaintiffs to circumvent "California's procedural requirements." *Vo*, 49 F.4th at 1171. Plaintiffs who file these actions in federal court evade these limits and pursue state law damages in a manner inconsistent with the state law's requirements. *See generally, Arroyo*, 19 F.4th at 1211–12; *Vo*, 49 F.4th at 1171–72.

In an action in which a district court possesses original jurisdiction, that court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Even if supplemental jurisdiction exists,

however, district courts have discretion to decline to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c). Such discretion may be exercised "[d]epending on a host of factors" including "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997).

According to the filings with this Court, Plaintiff has filed at least 10 cases in the Eastern District within the 12-month period from March 28, 2022, to March 28, 2023, and more than 25 cases in the last two years. *See Jacobsen v. Mims*, No. 1:13-CV-00256-SKO-HC, 2013 WL 1284242, at *2 (E.D. Cal. Mar. 28, 2013) ("The Court may take judicial notice of court records."). Indeed, at least two Eastern District courts have indicated that Plaintiff appears to be a high-frequency litigant. *See Gastelum v. Cotton On USA, Inc.*, No. 1:22-cv-01194-SAB, Doc. 11 at 4; *Gastelum v. Best Buy, Inc.*, No. 1:23-cv-00244-ADA-BAM, Doc. 4 at 3.

Accordingly, the Court hereby ORDERS as follows:

1. Plaintiff is ORDERED to show cause, in writing, **within fourteen (14) days of service of this order**, why the Court should not decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

2. In responding to the order to show cause, Plaintiff is further ORDERED to:
    a. Identify the amount of statutory damages Plaintiff seeks to recover; and
    b. Submit a declaration from Plaintiff, signed under penalty of perjury, providing all facts necessary for the Court to determine if he is a "high-frequency litigant."

Plaintiff is warned that a failure to respond may result in a recommendation to dismiss of the entire action without prejudice. Fed. R. Civ. P. 41(b) (stating that dismissal is warranted "[i]f the plaintiff fails to . . . comply with . . . a court order"); *see also Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). An inadequate response may result in the

undersigned recommending that supplemental jurisdiction over Plaintiff's state law claims be declined and that the claims be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c).

IT IS SO ORDERED.

Dated: **May 22, 2023**         /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE