UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GASTELUM,<br><br>   Plaintiff,<br><br>   v.<br><br>HIE RIVER PARK LLC, dba Holiday Inn Express Fresno Riverpark,<br><br>   Defendant. | Case No.  1:23-cv-00472-SKO<br><br><u>ORDER DISCHARGING ORDER TO SHOW CAUSE AND FIRST SCREENING ORDER</u><br><br>ORDER FOR PLAINTIFF TO:<br><br>(1) FILE A SECOND AMENDED COMPLAINT;<br><br>(2) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS FIRST AMENDED COMPLAINT; OR<br><br>(3) FILE A NOTICE OF VOLUNTARY DISMISSAL<br><br>(Doc. 7)<br><br>THIRTY-DAY DEADLINE |

**I.    INTRODUCTION**

On March 28, 2023, Plaintiff Fernando Gastelum ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed a complaint against Defendant Hie River Park LLC, doing business as Holiday Inn Express Fresno Riverpark ("Defendant"). (Docs. 1, 4.) The complaint alleges claims under the American with Disabilities Act ("ADA"), California's Unruh Civil Rights Act ("Unruh Act"), and California's Disabled Persons Act ("Disabled Persons Act"). (Doc. 1.) These claims

1

stem from alleged barriers Plaintiff encountered (such as a lack of access to a passenger loading zone) while lodging at Holiday Inn Express Riverpark. (*Id*.) Plaintiff seeks both injunctive relief and monetary damages. (*Id*.) Defendant has not appeared in this action, and there is no indication that Defendant has been served with the summons and complaint.

On March 23, 2023, the undersigned ordered Plaintiff to show cause why the Court should not decline to exercise supplemental jurisdiction over his state law claims in light of the Ninth Circuit's decisions in *Vo v. Choi*, 49 F.4th 1167 (9th Cir. 2022) and *Arroyo v. Rosas*, 19 F.4th 1202, 1209 (9th Cir. 2021) (Doc. 5). *See also* 28 U.S.C. § 1367(c). Plaintiff timely filed a response on June 8, 2023. (Doc. 6.) That same day, Plaintiff filed a First Amended Complaint ("FAC")[1] raising the same three claims and alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332 and federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Doc. 7.)

The Court will discharge the order to show cause. Upon review of the operative complaint, the Court concludes that the FAC states a cognizable ADA claim, but fails to state cognizable claims under the Unruh Act and the Disabled Persons Act over which this Court may assert jurisdiction.

Plaintiff has the following options as to how to proceed. He may file a second amended complaint, which the Court will screen in due course. Alternatively, Plaintiff may file a statement with the Court stating that he wants to stand on the FAC and have it reviewed by the presiding district judge, in which case the Court will issue findings and recommendations to the district judge consistent with this order. Lastly, he may file a notice of voluntary dismissal. If Plaintiff does not file anything, the Court will recommend that the two latter claims be dismissed.

## I.     SCREENING REQUIREMENT

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which

---

[1] Plaintiff filed his FAC before Defendant was served with the original complaint in this action. (*See* Docket.) He may amend his pleading once as a matter of course. *See* Fed. R. Civ. P. 15(a)(1)(A). The "amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Accordingly, Plaintiff's FAC supersedes the original complaint and serves as the operative pleading before the Court for screening.

relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint may be dismissed as a matter of law for failure to state a claim based on (1) the lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). The plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing the *pro se* complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court, however, need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

## II. SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff alleges he is a senior citizen with physical disabilities, is missing a leg, uses a wheelchair for mobility, and has a specially equipped sport utility vehicle. (FAC ¶ 1.) Plaintiff

resides in Casa Grande, Arizona. (FAC ¶ 4.) He alleges he lodged at Defendant's hotel, located at 7115 N. Howard Street, Fresno, California 93720 (the "Hotel") on August 9, 2022, and that the Hotel "is a place of public accommodation." (FAC ¶¶ 5–6, 12.)

On the date of Plaintiff's visit, Plaintiff alleges he discovered that the Hotel was not compliant with either the ADA or state law. (FAC ¶ 13.) Plaintiff alleges he personally encountered five barriers to accessibility: (1) "the passenger loading zone did not provide a marked access isle so as to discourage parking in it;" (2) "[t]here was no accessible route – ramp – to the waiting bench in the passenger loading zone;" (3) "[t]he operable part of the room door required more than 5 lbs to operate;" (4) "[t]he operable part of the guest room door requires the twisting of the wrist;" and (5) "[t]he shower spray unit did not have an on/off control with a non-positive shut-off." (FAC ¶¶ 13–14.) Plaintiff contends these barriers denied him "full and equal access" and "created difficulty and discomfort for" him. (FAC ¶¶ 14–16.) Plaintiff also alleges "Defendant has failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities." (FAC ¶ 17.)

Plaintiff alleges that the identified barriers "are easily removed without much difficulty or expense" and these "are the types of barriers that are readily achievable to remove." (FAC ¶ 18.) Furthermore, Plaintiff contends that "there are numerous alternative accommodations that could be made to provide a greater level of access if complete removable were not achievable." (*Ibid*.) Plaintiff notes that he "is often in the area" where the Hotel is located and will return to the Hotel "to avail himself of its goods and services and to determine compliance with the disability access laws once it is represented to him that the Hotel is accessible." (FAC ¶¶ 19–20.) Plaintiff states he is currently deterred from returning "because of his knowledge of the existing barriers and his uncertainty about the existence" of other barriers at the Hotel. (FAC ¶ 20.) Plaintiff alleges that if the barriers are not removed, he will "face unlawful and discriminatory barriers again." (*Ibid*.)

Accordingly, Plaintiff seeks the following relief: (1) injunctive relief requiring Defendant to comply with the ADA and Unruh Act; (2) damages under the Unruh Act "which provides for actual damages and a statutory minimum of $4,000 for each offense;" and (3) "[i]n the event Plaintiff is required to hire counsel, for reasonable attorney fees, litigation expenses and costs of

suit, pursuant to 42 U.S.C. § 12205." (FAC at 6.)  In his third cause of action, Plaintiff's FAC also alleges that pursuant to the Disabled Persons Act, he is "further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven at trial, but in no event less than $1,000.00" and "costs in an amount to be proven at trial." (FAC ¶¶ 35–36.)

### III.   DISCUSSION

For the reasons set forth below, the Court finds that the FAC states a cognizable federal claim under the ADA.  The FAC, however, fails to state cognizable state law claims over which this Court may assert subject matter jurisdiction.  Plaintiff will be provided with applicable legal standards and will be granted an opportunity to file an amended complaint to correct the identified deficiencies.

**A.   Plaintiff's ADA Claim**

**1.   Legal Standard**

"A party invoking federal jurisdiction has the burden of establishing that it has satisfied the 'case-or-controversy' requirement of Article III of the Constitution; standing is a 'core component' of that requirement." *D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1036 (9th Cir. 2008) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).  Courts "have an independent obligation 'to examine jurisdictional issue such as standing [sua sponte].'" *Wilson v. Lynch*, 835 F.3d 1083, 1090 n.2 (9th Cir. 2016).

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).  "Only injunctive relief is available under Title III of the ADA." *Barnes v. Marriott Hotel Serv., Inc.*, No. 15-cv-01409-HRL, 2017 WL 635474, at *7 (N.D. Cal. Feb. 16, 2017).  To establish standing to seek injunctive relief, a plaintiff must show that he is "likely to suffer future injury." *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983). An ADA plaintiff suffers an injury-in-fact for purposes of standing "by encountering a barrier that deprives him of full and equal enjoyment of the facility due to his particular disability." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944 (9th Cir.

2011) (en banc); *accord Langer v. Kiser*, 57 F.4th 1085, 1094 (9th Cir. 2023) ("an ADA plaintiff has standing to sue for all barriers, even ones that surface later in discovery, as long as those barriers relate to the plaintiff's specific disability."). Furthermore, an ADA plaintiff establishes sufficient future injury by alleging that he is "either currently deterred from visiting the place of public accommodation because of a barrier," or that he was "previously deterred" and "intend[s] to return to the place of public accommodation, where [he is] likely to reencounter the barrier." *Id*.

To prevail on a Title III discrimination claim, Plaintiff must establish that: (1) he is disabled within the meaning of the ADA; (2) Defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) Defendant discriminated against him by denying him public accommodation because of his disability. *Lopez v. Catalina Channel Express, Inc*., 974 F.3d 1030, 1033 (9th Cir. 2020). In this context, discrimination specifically includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). "The ADA defines the phrase 'readily achievable' as 'easily accomplishable and able to be carried out without much difficulty or expense.'" *Lopez*, 974 F.3d at 1034 (citing 42 U.S.C. § 12181(9)). Even if "an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable," the entity is still liable under the ADA if it fails to "make [its] goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable." 42 U.S.C. § 12182(b)(2)(A)(v); *see also Lopez*, 974 F.3d at 1034.

### 2. Plaintiff States a Cognizable ADA Claim

Pursuant to the applicable standard for standing set forth above, the Court finds Plaintiff has adequately alleged facts establishing standing to sue for injunctive relief under the ADA. Plaintiff alleges he is a senior citizen with physical disabilities, is missing a leg, and uses a wheelchair for mobility. (FAC ¶ 1.) Plaintiff then sufficiently alleges suffering injury-in-fact by encountering five identified barriers of accessibility at the Hotel that deprived him of full and equal enjoyment of the facility due to his specific disability. (*See* FAC ¶ 13.) Plaintiff also alleges sufficient future injury by contending he is currently deterred from returning to the Hotel because he will face "unlawful and discriminatory barriers again." (FAC ¶ 20.) Plaintiff further contends he is in the

1  area where the Hotel is located often and will return to the Hotel "once it is represented to him that
2  the Hotel is accessible." (FAC ¶¶ 19–20.)

3  The Court finds that Plaintiff has also sufficiently alleged facts stating a cognizable ADA
4  claim. Plaintiff alleges he is disabled within the meaning of the ADA and that Defendant's Hotel
5  is a place of public accommodation.[2] (*See* FAC ¶¶ 1, 5–6, 12.) Plaintiff also alleges that Defendant
6  discriminated against him by denying him access to the Hotel due to architectural barriers
7  prohibited by the ADA. (*See, e.g.*, FAC ¶ 14 ("These barriers relate to and impact Plaintiff's
8  disability."); FAC ¶ 15 ("By failing to provide accessible facilities, Defendant denied Plaintiff full
9  and equal access."); FAC ¶ 16 ("The failure to provide accessible facilities created difficulty and
10 discomfort" for Plaintiff); FAC ¶ 17 ("Defendant has failed to maintain in working and useable
11 conditions those features required to provide ready access to persons with disabilities."); FAC ¶ 20
12 (if the barriers are not removed, Plaintiff will "face unlawful and discriminatory barriers again.").)
13 Plaintiff further alleges that Defendant's existing facility presents five identifiable architectural
14 barriers prohibited under the ADA, that removal of these barriers is readily achievable, and that the
15 barriers can be "easily removed without much difficulty or expense." (*See* FAC ¶ 13, 18.) Plaintiff
16 also alleges that even if complete removal of the identified barriers is not readily achievable, "there
17 are numerous alternative accommodations that could be made to provide a greater level of access."
18 (FAC ¶ 18.)

19 In sum, the Court finds that Plaintiff has stated a cognizable claim under Title III of the
20 ADA. Accordingly, the Court concludes that Plaintiff's ADA claim may survive screening
21 pursuant to 28 U.S.C. § 1915(e)(2).

22 **B.      Plaintiff's State Law Claims**

23 **1.      Legal Standard**

24 Jurisdiction is a threshold inquiry that must precede the adjudication of any case before the
25 district court. *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376,

---

[2] The Court notes that Plaintiff does not specifically allege that Defendant is a private entity that owns, leases, or operates the Hotel. The Court, however, construes Plaintiff's allegations in the FAC liberally and presumes that Defendant owns, leases, or operates the Hotel. (*See, e.g.*, FAC ¶ 32 ("Defendant violated the [Disabled Persons Act] by denying Plaintiff equal access to its public accommodation on the basis of his disability . . . .").)

7

1380 (9th Cir. 1988). Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Willy v. Coastal Corp.*, 503 U.S. 131, 136–37 (1992). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)).

Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings. *Attorneys Trust v. Videotape Computer Prods., Inc.*, 93 F.3d 593, 594–95 (9th Cir. 1996). A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999). It is the obligation of the district court "to be alert to jurisdictional requirements." *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004). Without jurisdiction, the district court cannot decide the merits of a case or order any relief. *See Morongo*, 858 F.2d at 1380.

The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which confer "federal question" and "diversity" jurisdiction, respectively. Federal jurisdiction may also be conferred by federal statutes regulating specific subject matter. "[T]he existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." *ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000).

Pursuant to 28 U.S.C. § 1332, district courts have diversity jurisdiction only over civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different States. "Generally, the amount in controversy is determined from the face of the pleadings." *See Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000). The party asserting diversity jurisdiction must prove that the amount in controversy exceeds $75,000. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). "Conclusory allegations as to the amount in controversy are insufficient." *Id.* at 1090–91.

///

///

### 2. Plaintiff Fails to Sufficiently Allege Diversity Jurisdiction as to His State Law Claims

In his FAC, Plaintiff pleads that the Court has diversity jurisdiction[3] over his state law claims pursuant to 28 U.S.C. § 1332 because Plaintiff is a citizen of Arizona, Defendant is a citizen of Arkansas,[4] and "[t]he amount in controversy, including (1) cost of compliance with injunctive relief, (2) statutory damages, and (3) attorney's fees do, to the best of Plaintiff's estimate, exceed the statutory threshold of $75,000.00." (FAC ¶ 8.) The FAC contains the following prayer for relief[5]: (1) injunctive relief pursuant to the ADA and Unruh Act; (2) damages under the Unruh Act "which provides for actual damages and a statutory minimum of $4,000 for each offense;" and (3) "[i]n the event Plaintiff is required to hire counsel, for reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205." (FAC at 6.) In addition, in his third cause of action, Plaintiff's FAC alleges that pursuant to the Disabled Persons Act, he is "further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven at trial, but in no event less than $1,000.00" and "costs in an amount to be proven at trial." (FAC ¶¶ 35–36.)

The Court will address each form of requested relief in determining whether Plaintiff's FAC proves that the amount in controversy exceeds the jurisdictional threshold.

#### a. Injunctive Relief

First, Plaintiff seeks injunctive relief "compelling Defendant to comply with the [ADA] and the [Unruh Act]" and "requiring Defendant to adopt written and enforceable 'reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities.'" (FAC at 6.)

---

[3] To the extent Plaintiff is able to prove diversity jurisdiction as to his state law claims, then supplemental jurisdiction is not at issue. Accordingly, the Court will assess whether Plaintiff's FAC contains sufficient allegations establishing diversity jurisdiction as to his state law claims.

[4] In his response to the Court's Order to Show Cause ("OSC"), Plaintiff states that Defendant is incorporated in California and its principal place of business is in California. (*See* Doc. 6 at 8.) In any event, the Court finds that Plaintiff has adequately alleged that the parties are citizens of different States for purposes of diversity jurisdiction.

[5] The Court observes that Plaintiff's response to the OSC contains a number of other remedies sought by Plaintiff that are not named in the FAC. (*See* Doc. 6 at 9–10.) Because the FAC is the operative pleading before the Court, the undersigned declines to address these additional remedies.

In actions seeking declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation. *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 775 (9th Cir. 2017); *Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1045 n.2 (9th Cir. 2011). Generally, the amount in controversy is assessed through the "either viewpoint rule," meaning that the amount in controversy in the case is the pecuniary result to either party which the judgment would directly produce. *Corral*, 878 F.3d at 775. In recent Unruh Act cases where courts have remanded and ruled on the amount in controversy requirement with respect to injunctive relief, parties have submitted documentation or declarations to support their estimated injunctive relief values. *See, e.g.*, *Martinez v. Epic Games, Inc.*, No. CV 19-10878-CJC(PJWx), 2020 WL 1164951, at *3–4 (C.D. Cal. Mar. 10, 2020) (examining declarations containing estimates for making websites compliant with ADA and Unruh Act standards); *Mejico v. Online Labels, Inc.*, No. 5:18-cv-02636-ODW (SHKx), 2019 WL 3060819, at *4 (C.D. Cal. July 12, 2019) (finding remediation costs and bid estimates to be relevant to the amount in controversy).

Here, Plaintiff's FAC does not estimate the value or discuss the nature of injunctive relief beyond a broad request to compel Defendant to comply with statutory requirements. (*See* FAC at 6.) He does not submit supporting estimates or declarations.[6] Plaintiff's FAC simply alleges that "[t]he barriers identified [in the FAC] are easily removed without much difficulty or expense. They are the types of barriers that are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable." (FAC ¶ 18.) It is therefore speculative whether remedying the barriers identified by Plaintiff (*see* FAC ¶ 13) would require minor, inexpensive fixes or major, costly construction. Accordingly, the request for injunctive relief is too speculative for the Court to appropriately include it in the amount in controversy. *See, e.g., Gastelum v. Best Buy, Inc.*, No. 1:23-cv-00244-ADA-BAM, 2023 WL 2588009, at *2 (E.D. Cal. Mar. 21, 2023); *see also Matheson*, 319 F.3d at 1090–91; *Jackson v. Am. Bar Ass'n*, 538 F.2d 829, 831 (9th Cir. 1976)

---

[6] The Court notes that in his response to the Court's OSC, Plaintiff briefly elaborates on his broad request to compel Defendant to comply with statutory requirements. (*See* Doc. 6 at 10 (the requirement that Defendant adopt written and enforceable modifications and comply with the ADA "would require it to spend the jurisdictional amount by a factor of 10.").) The Court declines to consider this vague and speculative assertion, which was not contained in the operative pleading before the Court for screening, as part of its amount in controversy calculus.

(finding the amount in controversy requirement not met when the protected rights asserted "appear[ed] to be intangible, speculative, and lack[ed] the capability of being translated into monetary value").

b. Damages under the Unruh Act

Second, Plaintiff seeks "[d]amages under the [Unruh Act], which provides for actual damages and a statutory minimum of $4,000 for each offense." (FAC at 6.) He points to five barriers to accessibility: (1) "the passenger loading zone did not provide a marked access isle so as to discourage parking in it;" (2) "[t]here was no accessible route – ramp – to the waiting bench in the passenger loading zone;" (3) "[t]he operable part of the room door required more than 5 lbs to operate;" (4) "[t]he operable part of the guest room door requires the twisting of the wrist;" and (5) "[t]he shower spray unit did not have an on/off control with a non-positive shut-off." (FAC ¶ 13.)

Unlike the ADA, the Unruh Act allows for the recovery of monetary damages. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 731 (9th Cir. 2007). A plaintiff may obtain actual damages "for each and every offense" of prohibited discrimination, as well as "any amount that may be determined by a jury . . . up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars." Cal. Civ. Code § 52(a). "While the phrase 'each offense' is undefined, courts have interpreted it according to its most natural reading as 'each violation.'" *Langer v. Joy Hosp. Inc.*, No. 2:19-cv-08950-SK, 2021 WL 5873079, at *2 (C.D. Cal. Oct. 29, 2021). "The litigant need not prove she suffered actual damages to recover the independent statutory damages of $4,000." *Molski*, 481 F.3d at 731.

From the face of the FAC, it appears Plaintiff could be entitled to statutory damages of $4,000 for each of the five barriers to accessibility he encountered, adding up to approximately $20,000 for Unruh Act violations. Aside from stating that he seeks damages under the Unruh Act, "which provides for actual damages" (FAC at 6), Plaintiff does not provide additional details as to the quantity or nature of actual damages he seeks. Even liberally construed, these allegations fail to meet the $75,000 threshold and do not appear to be wholly substantiated.

c. Attorney's Fees

Third, Plaintiff's FAC requests "reasonable attorney fees, litigation expenses and costs of

11

suit, pursuant to 42 U.S.C. § 12205" in "the event Plaintiff is required to hire counsel." (FAC at 6.) "[As] a general rule, attorneys' fees are excludable in determining the amount in controversy because, normally, the successful party does not collect his attorneys' fees in addition to or as part of the judgment." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998) (quoting *Velez v. Crown Life Ins. Co*., 599 F.2d 471, 474 (1st Cir. 1979)). But, "attorneys' fees can be taken into account in determining the amount in controversy if a statute [or contract] authorizes fees to a successful litigant." *Id*. (quoting *Goldberg v. CPC Int'l Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1992), cert. denied, 459 U.S. 945 (1982)). The Unruh Act permits recovery of attorney's fees. Cal. Civ Code § 52(a); *Molski*, 481 F.3d at 731.

Plaintiff, however, is representing himself *pro se* and has not indicated an intent to hire counsel. (*See* Doc. 6 at 11.) Accordingly, the request for attorney's fees, expenses, and costs is too speculative and conclusory for the Court to appropriately include it in the amount in controversy. *See Matheson*, 319. F.3d at 1090–91; *Jackson*, 538 F.2d at 831.

### d. Damages under the Disabled Persons Act

Fourth, Plaintiff seeks statutory damages pursuant to the Disabled Persons Act. (FAC ¶¶ 35–36.) However, "[i]f a plaintiff prevails on a damages claim under both [the Unruh Act and Disabled Persons Act], double recovery is not permitted." *Rodriguez v. Barrita, Inc*., 10 F. Supp. 3d 1062, 1074 (N.D. Cal. 2014). Accordingly, Plaintiff could not derive statutory damages from both Unruh Act and Disabled Persons Act violations and cannot include both statutory damages in the amount in controversy.

In sum, examining the allegations contained in the FAC, Plaintiff has only demonstrated an amount in controversy of approximately $20,000 in statutory damages resulting from Unruh Act violations. Because the $75,000 amount in controversy requirement is not met, the Court finds that Plaintiff's FAC fails to sufficiently plead cognizable state law claims over which this Court may assert subject matter jurisdiction.

**C.     Leave to Amend**

The Court has screened Plaintiff's FAC and finds that it states a cognizable ADA claim, but fails to state cognizable claims under the Unruh Act and Disabled Persons Act. Under Rule 15(a)(2)

of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint so he can provide additional factual allegations and substantiate the amount in controversy as to his state law claims. *Lopez*, 203 F.3d at 1130.

Plaintiff is granted leave to file an amended complaint within thirty days. He is cautioned that an amended complaint supersedes all prior complaints filed in an action, *Lacey v. Maricopa Cty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Although Plaintiff has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff has a choice on how to proceed. Plaintiff may file an amended complaint if he can substantiate the amount in controversy for purposes of subject matter jurisdiction and he believes that additional true factual allegations would state cognizable claims. If Plaintiff files an amended complaint, the Court will screen that complaint in due course. Alternatively, Plaintiff may choose to stand on his FAC subject to the Court issuing findings and recommendations to a district judge consistent with this order. Lastly, Plaintiff may file a notice of voluntary dismissal.

## IV.   ORDER

Based on the foregoing, IT IS ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall either:
    a. File a Second Amended Complaint;
    b. Notify the Court in writing that he wants to stand on the FAC; or
    c. File a notice of voluntary dismissal.
2. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to case number 1:23-cv-00472-SKO.

3. Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated:   **June 22, 2023**                             /s/ *Sheila K. Oberto*                
                                                                    UNITED STATES MAGISTRATE JUDGE